**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC, | Case No.: 1:20-cv-1736 JLT SAB |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS |
| v. | |
| ANA LINDA VELASQUEZ, et al., | (Doc. 21) |
| Defendants. | |

G & G Closed Circuit Events, LLC, sought to hold Ana Velasquez, Ericka Velasquez, and Salvador Velasquez liable for broadcasting a fight program at Las Patronaz Bar without paying the commercial sublicense fee for the broadcast. (*See generally* Doc. 1.) Plaintiff now seeks an award of attorneys' fees and costs following the entry of default judgment. (Doc. 21.) Defendants have not opposed the motion.

The Court finds the matter suitable for decision without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g) and General Order 618. For the reasons set forth below, the motion is **GRANTED** in the modified amount of $3,575.20.

**I.     Background and Procedural History**

Plaintiff asserted G & G Closed Circuit Events possessed the exclusive rights to the nationwide commercial distribution of the *Daniel Jacobs v. Julio Cesar Chavez, Jr. Championship Fight Program* ("the Program"), which was "telecast nationwide" on December 20, 2019. (Doc. 1 at 5, ¶ 20.)

1

1  Plaintiff alleged it "entered into subsequent sublicensing agreements with various commercial entities
2  throughout North America, including entities within the State of California, by which it granted these
3  entities limited sublicensing rights… to publicly exhibit the Program within their respective
4  commercial establishments." (*Id.* at 6, ¶ 21.) According to Plaintiff, "The Program could only be
5  exhibited in a commercial establishment in California if said establishment was contractually
6  authorized to do so by Plaintiff." (*Id.*, ¶ 22.) However, Plaintiff asserted Defendants intercepted and
7  broadcast the Program in Las Patronaz Bar without purchasing a proper sublicense from Plaintiff, for
8  their own financial gain. (*See id.* at 6-7, ¶¶ 24-28.)

9  On December 9, 2020, Plaintiff filed a complaint against Defendants for violations of the
10 Federal Communications Act, 47 U.S.C. § 605 and the Public Communications Act, 47 U.S.C. § 533;
11 and the California Business and Professions Code § 17200. Plaintiff also alleged Defendant was liable
12 for wrongful conversion of property, arising under California State law. (Doc. 1 at 5-11.)
13 Furthermore, Plaintiff included in the prayer for relief that the Court award "reasonable attorneys' fees
14 as mandated by statute" and "all costs of including, but not limited to, filing fees, service of process
15 fees, investigative costs." (*Id.* at 12.) Defendants were properly served with the Complaint, but failed
16 to respond within the time prescribed by the Federal Rules of Civil Procedure.

17 Upon application of Plaintiff, default was entered against the defendants pursuant to Fed. R.
18 Civ. P. 55(a) for the failure to answer on April 1, 2021. (Docs. 12, 13.) Plaintiff filed an application for
19 default judgment (Doc. 15), which was granted in part on October 15, 2021. (Docs. 17, 19.) Plaintiff
20 was awarded $2,000 in damages for a violation of 47 U.S.C. § 605(e)(3)(C)(i)(II); $2,000 in enhanced
21 damages under 47 U.S.C. § 605(e)(3)(C)(ii); and $600.00 for the tort of conversion. (Doc. 19 at 2.)
22 Judgement was entered in favor Plaintiff and against Ana Velasquez, Ericka Velasquez, and Salvador
23 Velasquez. (Doc. 20.)

24 The Court directed Plaintiff to "file any application for attorneys' fees pursuant to 47 U.S.C. §
25 605 no later than fourteen days from the entry of judgment." (Doc. 19 at 3.) On October 28, 2021,
26 Plaintiff timely filed the motion for attorneys' fees and costs, which is now pending before the Court.
27 (Doc. 21.)
28 ///

## II. Fees and Costs under 47 U.S.C. § 605

Aggrieved parties prevailing under the Federal Communications Act are entitled to the recovery of "full costs" and "reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B)(iii). "Once a party is found eligible for fees, the district court must then determine what fees are reasonable." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1023 (9th Cir. 2019) (quoting *Klein v. City of Laguna Beach*, 810 F.3d 693, 698 (9th Cir. 2016)).

In general, "[t]he starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir. 1992); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016) (a lodestar involves "multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate"). The lodestar "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

## III. Discussion and Analysis

Plaintiff asserts that as an aggrieved party under 47 U.S.C. § 605, G & G Closed Circuit Events is entitled to an award of fees and costs. (Doc. 21 at 3.) Plaintiff seeks costs in the amount of $1,286.04 and fees in the amount of $5,252.20, for a total of $6,538.24. (*Id.* at 8.)

### A. Status as an "aggrieved" party

Under the Communications Act, a "person aggrieved" includes a party "with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming." 47 U.S.C. § 605(d)(6). In the Complaint, Plaintiff asserted G & G Closed Circuit Events possessed the exclusive, nationwide commercial distribution rights to the Program. (Doc. 1 at 5, ¶ 20.) By granting default judgment, the Court determined Plaintiff was aggrieved under the Communications Act. (*See* Doc. 17 at 11-13.) Thus, Plaintiff is entitled to an award of fees and costs under Section 605. *See G & G Closed Circuit Events v. Velasquez*, 2021 WL 3164096, at *12 (E.D. Cal. July 27, 2021) (noting the plaintiff was entitled to an award of fees and costs pursuant to Section 605, upon a finding default judgment was appropriate on a claim arising under the Communications Act); *G & G Closed Circuit Events, LLC v. Am. Zamora Zarazua*, 2021 WL 3290425, at *2 (N.D. Cal.

Aug. 21, 2021) ("Because the Court has granted default judgment in Plaintiff's favor on the Communications Act claim, … Plaintiff is eligible to request reasonable attorneys' fees under § 605(e)(3)(B)(iii)").

### B. Fees to be awarded

In general, district courts in the Ninth Circuit apply the lodestar method to determine whether a fee request is reasonable under Section 605. *See, e.g., J & J Sports Prods. v. Cervantes*, 2019 WL 935387, at *2 (E.D. Cal. Feb. 26, 2019) ("[t]he court determines the amount of reasonable attorneys' fees by applying the 'lodestar' method" with an application under Section 605); *G & G Closed Cir. Events, LLC v. Parker*, 2021 WL 164998, at *2 (S.D. Cal. Jan. 19, 2021) (using the lodestar method to evaluate the fee request under Section 605); *Joe Hand Promotions, Inc. v. Be*, 2011 WL 5105375, at *6 (N.D. Cal. Oct. 26, 2011) (same). Accordingly, the Court must determine the reasonableness of the hours expended and the hourly rate requested. *See Hensley*, 461 U.S. at 433.

#### 1. Hours expended

A fee applicant must provide records documenting the tasks completed and the amount of time spent. *Hensley,* 461 U.S. at 424; *Welch v. Metropolitan Life Ins. Co*., 480 F.3d 942, 945-46 (9th Cir. 2007). Courts may reduce the hours expended "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) (citing *Hensley*, 461 U.S. at 433-34).

Thomas Riley, Plaintiff's counsel, submitted a declaration and spreadsheet reflecting his firm's billable hours in support of the motion for fees. (Doc. 21-1.)  The billing records indicate Mr. Riley's firm spent 19.12 hours on this action, which includes 8.27 hours by an administrative assistant, 6.50 hours by an unnamed "research attorney," and 4.35 hours by Mr. Riley.  (*Id.* at 6-9.)

##### a. Time billed by the administrative assistant

Plaintiff requests the Court award the 8.27 billed by the administrative assistant.  (Doc. 20 at 6-7.)  However, Plaintiff acknowledges this Court previously rejected counsel's argument that tasks undertaken by the administrative assistant "were more akin to paralegal tasks, which were recoverable."  (*Id.* at 6, citing *J & J Sports Productions, Inc. v. Barajas*, 2017 WL 469343, at *2 (E.D.

Cal. Feb. 2, 2017).) Plaintiff "request[s] that the Court alter its prior determination," but indicates "Plaintiff understands this Court's conclusions on the issue." (*Id.* at 7.)

In *Barajas*, the Court did not decline to award the hours billed by the administrative assistant solely because of the position of the employee, but rather because the time billed by the administrative assistant included "(1) time entries presented in block format; (2) duplicative entries; and (3) entries solely related to the preparation of documents." *Id.*, 2017 WL 469343, at *4. For example, the court noted the billing records from Mr. Riley's firm were "in block format where it is difficult for the court to determine the amount of time the administrative assistant allegedly spent on the preparation of documents compared to time expended filing and serving the documents." *Id.* Further, the administrative assistant and Mr. Riley billed for "identical" tasks that were "apparently claimed to have been completed by both the attorney and the administrative assistant." *Id.* Due to the "lack of specificity and the clerical and duplicative nature of the tasks," the Court declined to award fees for the administrative assistant's time. *Id.* at *5 (quoting *J & J Sports Productions, Inc. v. Corona*, 2014 WL 1513426, *3 (E.D. Cal. April 16, 2014)).

Significantly, the records submitted by Mr. Riley in this action suffer similar deficiencies as those identified in *Barajas*. Review of the billing records reveals the administrative assistant billed for clerical tasks; duplicated work also billed by Mr. Riley; and billed in a format rendering it difficult for the Court to determine what, if any, time could be compensable. (*See* Doc. 21-1 at 6-9.)

### i.    Clerical tasks

The Supreme Court determined "purely clerical or secretarial tasks should not be billed at a paralegal or [lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). As a result, courts have approved of elimination of clerical tasks from fee awards. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009); *Marquez v. Harper Sch. Dist.*, 546 F. App'x 659, 660 (9th Cir. 2013) ("[t]he district court was within its discretion" when it declined to award fees for clerical tasks). Such tasks may include, but are not limited to: "filing emails, memoranda, and other correspondence; updating the case calendar with new dates; copying, scanning, and faxing documents; and filing or serving documents." *Moore v. Chase, Inc.*, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016) (citing *Prison Legal News v. Schwarzenegger*, 561 F.Supp.2d 1095, 1102 (N.D. Cal. 2008)).

5

The unnamed administrative assistant repeatedly billed for filing documents—both with the Court and apparently with the firm—such as demand letters to Defendant, the summons issued, Plaintiff's status report, Court orders, and Plaintiff's application for default judgment. (*See* Doc. 21-1 at 6-9.) Such time is not compensable as clerical work. *See L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (updating files was clerical work); *Schmidt v. City of Modesto*, 2018 WL 6593362, at *9 (E.D. Cal. Dec. 18, 2018) (indicating clerical work included downloading, saving, and printing documents).

### ii. *Duplicative tasks*

As noted above, a fee applicant "should make a good-faith effort to exclude from a fee request hours that are ... redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Accordingly, courts decline to award fees for duplicative tasks. *See, e.g., Chalmers*, 796 F.2d at 1210 ("hours may be reduced … [if] hours are duplicated"); *J & J Sports Prods. v. Pagliario*, 2014 WL 7140605, at *2 (E.D. Cal. Dec. 11. 2014) (noting the administrative assistant billed for "duplicative and non-compensable clerical tasks," and declining to award fees); *Trujillo v. Orozco*, 2018 WL 1142311, at *6 (N.D. Cal. Mar. 2, 2018) (declining to award fees for a paralegal who billed for completing same tasks as an attorney, finding the duplicative entries should not be awarded).

The timesheet indicates the administrative assistant and Mr. Riley both billed for many of the same tasks. For example, on July 21, 2020, Mr. Riley and the administrative assistant each billed 0.25 hour for a public record review related to Erika Velasquez, 0.25 hour for a public record review related to Ana Velasquez, and 0.25 hour for a public record review related to Salvador Velasquez. (Doc. 21-1 at 6.) On December 10, 2020, Mr. Riley billed 0.10 hour for "Review of Summons issued as to all Defendants" and the administrative assistant billed 0.1 for "Review and Filing of Summons issued as to all Defendants." (*Id.* at 7.) Each time the Court issued a document—such as the order requiring the plaintiff to file a notice of status of service, order continuing the scheduling conference, the entry of default, order directing the filing of the motion for default judgment, and the judgment issued— both Mr. Riley and the administrative assistant billed for the review, on the same date. (*See id.* at 7-9.) Consequently, the time billed by the administrative assistant should not be awarded due to the duplicative nature.

### iii.     Conclusion

Notably, Plaintiff has not specified how much time the administrative assistant spent on the preparation of documents in the midst of the document review and filing. Moreover, it unclear whether the document preparation required the skill of a paralegal. *See L.H.*, 645 F. Supp. 2d at 899 (declining to award fees for clerical tasks where the applicant "tendered no evidence that these are tasks that required the skill of a paralegal"). Therefore, the Court declines to award fees for the tasks completed by the administrative assistant given the clerical and duplicative nature of the tasks. *See Pagliario*, 2014 WL 7140605, at *2; *Barajas*, 2017 WL 469343, at *4.

### b.     Time billed by counsel

Plaintiff seeks fees for 10.85 hours of work by counsel, which includes 4.35 hours completed by Mr. Riley and 6.50 hours billed by an unidentified research attorney. (*See* Doc. 21-1 at 9.) The tasks completed by these attorneys included reviewing Court orders, review of public records related to the defendants, preparation of the motion for default judgment, and preparation of the motion now pending before the Court. (*See id.* at 6-9.) Deduction to the time reported by counsel is not required, as the time does not appear excessive or unnecessary, and the total time expended was reasonable for the work completed in this action.

### 2.     Hourly rates

The Supreme Court determined attorney fees are to be calculated with "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). A fee applicant has the burden to establish the requested rates are reasonable within the community, and meets this burden by "produc[ing] satisfactory evidence—in addition to counsel's own declarations—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* For example, the Court may refer to "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding fees in the community" and rates paid in other cases. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

In general, the "relevant community" for purposes of determining the prevailing market rate is the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008). Thus, when a case is filed in this Court, the Eastern District of California "is the

appropriate forum to establish the lodestar hourly rate." *See Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1129 (E.D. Cal. 2011); *see also Gordillo v. Ford Motor Co.*, 2014 WL 2801243 (E.D. Cal. June 19, 2014). The Court may apply "rates from outside the forum… 'if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

Mr. Riley reports he has practiced law "for approximately twenty-eight years," and "specializes in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events." (Doc. 21-1 at 2, ¶ 3.) In addition, he asserts the unnamed "research attorney… has been practicing law for twenty-six years," and is a member of the bar in Virginia, New Mexico, and Washington D.C. (*Id.*) According to Mr. Riley, the research attorney has assisted his "office with commercial signal piracy claims for over twelve years." (*Id.*) Mr. Riley reports his billing rate for federal civil litigation is $550.00 per hour and the "research attorney's services are currently billed at a rate of []$300.00[] per hour." (*Id.*, ¶ 6.) However, for purposes of the motion now pending, "in view of previous determinations both by this specific Court and others," Plaintiff requests that Mr. Riley's rate be set at $350.00 per hour." (Doc. 21 at 5, citing, e.g., *Barajas*, 2017 WL 469343, at *2; *Joe Hand Promotions, Inc. v. Garcia*, 2013 WL 238369, at *3 (E.D. Cal. May 30, 2013), *adopted*, 2013 WL 2991048 (E.D. Cal. June 14, 2013).)

Previously, the Court "surveyed prevailing rates in this district and found that reasonable hourly rates … are between $175 and $380, depending on the attorney's experience and expertise, with $300 being the upper range for attorneys with 10 years or less experience." *Acosta v. Perez*, 2021 WL 3910543, at *12 (E.D. Cal. Sept. 1, 2021). In addition, as Plaintiff observes, the Court awarded the hourly rate of $350.00 to Mr. Riley for work on cases involving violations of the Communications Acts. *See, e.g., J & J Sports Prods. v. Alvarez*, 2020 WL 3483393, at *2 (E.D. Cal. June 25, 2020) (noting Mr. Riley was awarded the rate of $350 for actions in the Fresno Division and finding "no reason to deviate for the Sacramento Division"); *J & J Sports Prods., Inc. v. Marini*, 2018 WL 2155710, at *2 (E.D. Cal. May 10, 2018) ("[a] reasonable rate for an attorney of Mr. Riley's experience remains $350.00 per hour"). Accordingly, the requested hourly rate of $350.00 will be granted for Mr.

Riley. Also, given the minimal information provided, the Court finds the hourly rate of $225 is appropriate for the unidentified research attorney. *See G & G Closed Circuit Events, LLC v. Barajas-Quijada*, 2020 WL 1640005, at *2 (E.D. Cal. Apr. 2, 2020) (declining to award the requested rate of $300 "[i]n the absence of further information from Plaintiff, or citation to additional precedent regarding rates for 'research attorneys,'" and reducing the hourly rate to $225).

### 3. Lodestar calculation

As noted above, the lodestar method calculates attorney fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *Florida*, 915 F.2d at 545 n. 3 (citing *Hensley*, 461 U.S. at 433). With the time and rate adjustments set forth above, the lodestar in this action is **$2,985.00**.[1] The Court finds this amount is reasonable, particularly for the work completed, skill required, and results achieved in this action. *See Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975)

### C.   Costs to be awarded

Plaintiff seeks costs in the amount of $1,286.04, which includes $625.00 for investigative expenses, $70.84 in courier charges, $188.20 for service of process fees, and $402.00 for the Court's filing fee. (Doc. 21 at 8; Doc. 21-1 at 9.)

### 1. Investigative costs

Plaintiff contends the costs of pre-litigation investigation should be awarded because "47 605(e)(3)(B)(iii) directs the 'recovery of *full costs*[.]'" (Doc. 21 at 7, modification by Plaintiff). In support of the request, Plaintiff submits an invoice from Lighthouse Investigative Services for $625.00 related to the establishment "Las Patronaz Bar, Madera, CA." (Doc. 21-1 at 12.) Plaintiff notes this Court has issued inconsistent orders, both granting investigative fees in *J & J Sports Productions, Inc. v. Pagliaro*, 2014 WL 7140605, *2 (E.D. Cal. Dec. 12, 2014), and denying the request for investigative fees in *Barajas*, 2017 WL 469343, at *5. (*See* Doc. 21 at 7-8.) However, as Plaintiff acknowledges, the Court in *Pagliaro* did not make any findings related to the propriety of the investigative fees and simply awarded all costs requested. (*See* Doc. 21 at 8; *see also Pagliaro*, 2014 WL 7140605, at *5.)

---

[1] This includes 4.35 hours for Mr. Riley at the rate of $350, and 6.50 hours for the research attorney at the rate of $225.

9

In general, pre-filing investigation costs generally are not recoverable. *See Koppinger v. Cullen-Schiltz & Assocs.,* 513 F.2d 901, 911 (8th Cir. 1975) (certain costs were not recoverable because they were "purely investigative in nature"); *Kaiser Industries Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 13 (E.D. Mich. 1970) (finding preliminary investigations were not recoverable). Thus, "courts within the Ninth Circuit routinely deny awarding costs for an investigation under 47 U.S.C. § 605." *Barajas-Quijada*, 2020 WL 1640005, at *3; *see also G & G Closed Circuit Events, LLC v. Aguilar*, 2018 WL 6445883, at *3 (S.D. Cal. Dec. 10, 2018) ("[m]ost courts in this circuit decline to award costs for pre-filing investigative fees under § 605"); *Joe Hand Promotions, Inc. v. Beltran*, 2019 WL 3501451, at *4 (S.D. Cal. Jul. 31, 2019) ("pre-filing investigative costs are not typically awarded by courts in this circuit"). Because investigative expenses are not generally recoverable costs, denial of Plaintiff's request for the investigation costs is appropriate.

Moreover, even if the Court were to agree investigative expenses were compensable, the invoice provided by Mr. Riley is insufficient to support the request, because it lacks any information "regarding the qualifications of the investigation company or what services it provided, leaving the court with no means of determining if the charge is reasonable." *See Cervantes*, 2019 WL 935387, at *2 (noting investigative costs are not usually awarded, but also finding the invoice provided was insufficient); *see also Barajas-Quijada*, 2020 WL 1640005, at *3 ("documentation beyond the submission of a bare invoice [must] be provided to support an award of investigative costs"); *G & G Closed Circuit Events, LLC v. Parker*, 2021 WL 164998, at *9 (S.D. Cal. Jan. 19, 2021) ("[t]his Court joins the courts declining to award investigator fees when documented by an invoice containing nothing more than an amount without even detailing the investigative services provided or qualifications of the investigator").

### 2. Courier charges

In the Ninth Circuit, courts held "awards can include reimbursement for out-of-pocket expenses including … travel, courier and copying costs." *Grove v. Well Fargo Fin. Cal. Inc*., 606 F.3d 577, 580 (9th Cir. 2010) (citation omitted). However, these expenses must still include documentation to support the expenses. *See, e.g., Aguilar*, 2018 WL 6445883, at *3 (denying the request for courier fees where counsel did not submit any documentation in support of this expense); *Alvarez*, 2020 WL

3483393, at *2 ("Plaintiff will not be awarded costs for courier charges … because no documentation is provided").  Because Plaintiff failed to provide any documentation to support the request for courier fees in this action, the costs request is denied.

### 3. Service of process fees

This Court has determined costs incurred for service of process are compensable costs under Section 605.  *See, e.g., Barajas-Quijada*, 2020 WL 1640005, at *3; *Alvarez*, 2020 WL 3483393, at *2-3 ("process server costs are appropriately recovered expenses").  Accordingly, Plaintiff's request for costs in the amount of $188.20 for service of process fees is granted.

### 4. Filing fee

Finally, the Court's filing fee is a recoverable and taxable cost for Plaintiff. *See, e.g., Alvarez*, 2020 WL 3483393, at *2-3 ("filing fees… are appropriately recovered expenses" under Section 605); *Cervantes*, 2019 WL 935387, at *5 (granting the request "for the filing fee and service of process costs").  Thus, Plaintiff's request for $402.00 for the filing fee is granted.

## IV.   Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion for attorneys' fees and costs (Doc. 21) is **GRANTED IN PART**; and
2. The Court **AWARDS** the modified total amount of **$3,575.20** to Plaintiff, which includes $2,985.00 in fees and $590.20 in costs.

IT IS SO ORDERED.

Dated:   **February 4, 2022**

UNITED STATES DISTRICT JUDGE